### No. 892

### CINCINNATI TRACT. CO. v. BRADY.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3042.  Decided July 18, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

829.  NEGLIGENCE—301.  Contributory Negligence—Doctrine of last clear chance does not apply where plaintiff is not licensee nor trespasser, and was not negligent in being in position of danger.

Error to Common Pleas.

Judgment affirmed.

DeCamp, Sutphin & Brumleve, Cincinnati, for Traction Co.

J. Paul Geoghegan and Lewis Levy, Cincinnati, for Brady.

## FULL TEXT.

CUSHING, J.

Michael J. Brady in an action in the Court of Common Pleas recovered a judgment against The Cincinnati Traction Company for damages, by reason of injuries received by being struck by one of the defendant's street cars.

It is claimed that the trial court erred in giving plaintiff's special charge No. 3, as follows:

"The Court charges you that even if plaintiff was guilty of negligence in failing to exercise reasonable or ordinary care. under the facts of the case, the defendant is not thereby absolved from liability, if by the exercise of ordinary care those in charge of its cars could have avoided an accident after discovering plaintiff's peril."

Plaintiff in error claims that this involved the doctrine of last clear chance.

Brady was working for the City of Cincinnati, laying wood blocks, repairing the street along the tracks of The Cincinnati Traction Company, and was in that position, and at that point, discharging a duty enjoined upon him by his employment. He was not a licensee nor a trespasser, nor was he negligent in being in said position in the street. The doctrine of last clear chance did not apply. The charge placed a greater burden upon Brady than the law required. But as he recovered a verdict, it cannot be said to be erroneous.

Several other assignments of error are argued, but as they are not tenable, they will not be discussed.

The judgment of the Court of Common Pleas is affirmed.

(Hamilton, PJ., concurs.)